UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RICHARD PAUL KARR, | No. C 11-02207 LB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO SHORTEN TIME** |
| v. | [Re: ECF No. 55] |
| JANET NAPOLITANO, Secretary of the Department of Homeland Security | |
| Defendant. | |

Plaintiff Richard Karr, a United States Customs and Border Protection ("CBP") officer, sued his employer ("Defendant") after he was demoted and suspended following an investigation concerning his request to a subordinate employee to improperly access a computer database. Complaint, ECF No. 1 at 7-10, ¶¶ 36-50.[1] Plaintiff alleges that his removal was discriminatory and retaliatory in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, as amended by the Americans with Disabilities Act of 1990, 12 U.S.C. § 12101, *et seq.*, and the Americans with Disability Act Amendments Act of 2008, P.L. 110-325 (Claims One and Two). *Id.* at 10-13, ¶¶ 51-83.[2]

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

[2] Plaintiff also alleged that his removal was retaliatory and constituted an adverse employment action in violation of the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1201, *et seq.*, as amended by the Whistleblower Protection Act, 5 U.S.C. § 2302 (Claim Three).

C 11-02207 LB
ORDER

1   On August 16, 2012, Defendant filed a motion for summary judgment. Motion, ECF No. 46.
2   Plaintiff filed an opposition on August 31, 2012, and Defendant filed a reply on September 6, 2012.
3   Opposition, ECF No. 51; Reply, ECF No. 54. The motion is set for hearing on September 20, 2012.

4   On September 14, 2012, six days before the hearing, Plaintiff filed a motion "for an order
5   shortening time to hear a motion to continue" the hearing on Defendant's motion for summary
6   judgment. Administrative Motion, ECF No. 55. Plaintiffs "seeks such an order so that [he] can
7   submit to the Court evidence inadvertently omitted from [his] opposition papers, evidence which is
8   likely to have a decisive effect on the outcome of [D]efendant's motion for summary judgment,
9   namely, [D]efendant's admissions that [he] had established his *prima facie* cases of disability
10  discrimination and retaliation, and also that [he] had established that [D]efendant's stated
11  explanation for its adverse actions against [him] were pretexts for disability discrimination and
12  retaliation." *Id*. at 2.

13  The basis for this trove of amazing evidence is Defendant's apparent waiver of her responses to
14  Plaintiff's requests for admission. *See id*. at 2-4. As Plaintiff describes, he served Defendant by
15  mail with requests for admission on March 21, 2012. Thus, Defendant's responses to those requests
16  for admission were due on April 23, 2012. *See* Fed. R. Civ. P. 6(d); 33(a)(3). Plaintiff says that
17  Defendant did not serve her responses to the requests for admission until April 27, 2012—four days
18  late—and so Plaintiff argues that Defendant should be deemed to have admitted all of Plaintiff's
19  requests. With these "admissions" in hand, Plaintiff now wants to use them as a part of his already-
20  filed opposition to Defendant's motion for summary judgment.

21  The court will not grant Plaintiff's administrative motion. First and foremost, the court already
22  addressed a virtually identical argument in its 5/31/2012 Order, when it wrote:

---

Complaint, ECF No. 1 at 13-14, ¶¶ 84-97. These claims were reviewed initially by the Merit Systems Protection Board ("MSPB"), which upheld Mr. Karr's demotion and suspension. *Id*. at 3, ¶ 6. On March 7, 2012, the court granted Defendant's motion for summary judgment on these non-discrimination claims because there are no issues of material fact that would call into question whether (A) the MSPB's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (B) obtained without procedures required by law, rule, or regulation having been followed, or (C) unsupported by substantial evidence. 3/7/2012 Order, ECF No. 33.

C 11-02207 LB
ORDER
2

> Throughout the parties' joint discovery letter brief, Mr. Karr argues that Defendants waived its objections to his RFPs because Defendant did not timely respond to them. Defendant's responses were due by April 23, 2012, but she did not serve them until April 27, 2012. Joint Letter, ECF No. 37 at 1 n.3.
>
> The party to whom an interrogatory or request for production is directed must respond in writing within 30 days after being served. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). Failure to object to discovery requests within the time required constitutes a waiver of any objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Although Rule 34 does not expressly provide for any relief from a waiver of objections as does Rule 33, courts have granted such relief upon a showing of good cause. *See Batts v. County of Santa Clara*, No. C08-00286 JW (HRL), 2010 WL 1027990, at *1 (N.D. Cal. Mar. 18, 2010) ("Batts had no reasonable basis to believe that she had a two-week extension of time in which to serve her responses. At the same time, however, this court finds that a waiver of all objections would be a draconian result that is not warranted under the circumstances presented here. Accordingly, plaintiff's objections will not be deemed waived."); *Kanawi v. Bechtel Corp.*, No. C 06-05566 CRB (EDL), 2008 WL 4642168, at *1 (N.D. Cal. Oct. 17, 2008) ("Because the calendaring error resulted in a delay of only one day, and Fremont has not shown that it suffered prejudice from that short delay, the Court concludes that Plaintiffs have not waived their objections."); *see also Brown v. Stroud*, No. C-08-02348-VRW (DMR), 2010 WL 3339524, at *1-2 (N.D. Cal. Aug. 24, 2010); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999). In exercising its discretion, a court should evaluate relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver. *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D.Md. 2005).
>
> Here, Defendant's responses to Mr. Karr's RFPs were five days late, which is not long when compared to the many months the parties have had for discovery. Defendant says that the delay was caused by a simple calendaring error, and Mr. Karr does not provide the court with any reason to doubt Defendant's explanation. Perhaps most significantly, Mr. Karr has not expressed that he has been prejudiced in any way by the delay, and the court does not see how he would have been. And without any prejudice, the court believes that a complete waiver of Defendant's objections would be a disproportionately harsh result. Accordingly, the court finds good cause to excuse Defendant's five-day delay in responding to Mr. Karr's RFPs.

5/31/2012 Order, ECF No. 41 at 9-10. The court sees no reason why the same equitable result should not occur with respect to Defendant's responses to Plaintiff's requests for admission. As with the RFPs, Plaintiff makes no compelling showing of prejudice, the requests for admissions were only a few days late, and Plaintiff does not provide the court with any reason to doubt Defendant's explanation for the delay. Indeed, in such a situation, courts often find good cause to excuse a short delay in responses to requests for admission. *See Holman v. Experian Info. Solutions, Inc.*, No. C 11-00180 CW (DMR), 2012 U.S. Dist. LEXIS 89294, at * 17 (N.D. Cal. June 27, 2012) (finding good cause to permit late responses to requests for admission where the three-day delay

caused by counsel's inadvertence was brief and would not cause undue prejudice); *Ross v. McGuinness*, No. CV-1-08-0306-PHX-MHM, 2010 U.S. Dist. LEXIS 51648, at * 2-3 (E.D. Cal. Apr. 26, 2010) (denying plaintiff's "motion declaring admissions admitted" stating eight-day delay in responding to requests for admission was minor and plaintiff made no allegations of prejudice from the delay); *Alroma, LLC v. Silverleaf Fin.*, LLC, No. 2:11-cv-01393-GMN-GWF, 2012 U.S. Dist. LEXIS 60479, at *2-3 (D. Nev. May 1, 2012) (finding minimal delay in service of responses to requests for admission excusable in light of counsel's inadvertence in mis-calendaring the deadline and because the requesting party suffered no prejudice from the delay).

Second, even if the court were to find that Defendant waived her responses to Plaintiff's requests for admission—which it does not—Defendant had ample time and opportunity to include these so-called admissions in his opposition. Plaintiff's "inadvertent omission" of them, especially in this context, does not constitute excusable neglect or good cause to justify allowing him to include it now. *See Fox v. County of Sacramento*, No. 2:11-CV-00419 JAM-KJN, 2012 U.S. Dist. LEXIS 131581, at * 3-5 (E.D. Cal., Sept. 14, 2012).

In short, the court will not, at this very late date and on these facts, support Plaintiff's attempt at playing "gotcha" discovery. The court denied his attempt before, and it will do so again. Plaintiff's administrative motion is **DENIED**. The hearing of Defendant's motion for summary judgment will occur as scheduled, on September 20, 2012.

This disposes of ECF No. 55.

**IT IS SO ORDERED.**

Dated: September 17, 2012

_____
LAUREL BEELER
United States Magistrate Judge